David Brafman
Mark D. Passler (*pro hac vice to be filed*)
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Tel. (561) 653-5000
Fax (561) 659-6313
Email: david.brafman@akerman.com
Email: mark.passler@akerman.com

*Counsel for Plaintiff CafeX Communications, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAFEX COMMUNICATIONS, INC.<br><br>       Plaintiff,<br><br> -against-<br><br>AMAZON WEB SERVICES, INC.,<br><br>       Defendant. | Case No. 1:17-cv-01349-VM<br><br>**DECLARATION OF DAVID BRAFMAN IN SUPPORT OF CAFEX's ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION** |

I, David Brafman, hereby declare the following in accordance with the provisions of 28 U.S.C. § 1746:

1. I am a partner at the law firm of Akerman LLP, attorneys for Plaintiff CafeX Communications, Inc. in this case. I submit this declaration in support of Petitioners' application by Order to Show Cause seeking an Order granting a Preliminary Injunction.

2. Other than as expressly set forth herein, this declaration is made on personal knowledge.

3. This application is being brought by Order to Show Cause because time is of the essence. As set forth more fully in the Complaint and in the accompanying March 2, 2017

{41041511;1}

1

Memorandum in Support of An Order To Show Cause, Plaintiff CaféX Communications, Inc. ("CaféX") respectfully seeks urgent preliminary relief to prevent the irreparable harm that will result from allowing Defendant Amazon Web Services, Inc. ("AWS") to continue marketing its just-launched competing service under an essentially identical and infringing trademark, including at an important trade show that begins on March 27, 2017, and via an upcoming product launch by AWS's business partners. If not preliminarily enjoined, CaféX will be irreparably harmed. CaféX is not seeking a temporary restraining order but respectfully requests a preliminary injunction hearing prior to the March 27, 2017 start of the trade show for a determination of CaféX's entitlement to preliminary injunctive relief pending the outcome of this case.

4. On February 16, 2016, CaféX (though its counsel) sent AWS a cease and desist letter by email and U.S. mail notifying AWS that it was infringing CaféX's CHIME trademark. The letter asked AWS to cease using the AMAZON CHIME mark in connection with its competing service and rename it to something not confusingly similar to CaféX's mark. CaféX requested AWS to confirm that it would comply with CaféX's demands by February 21, 2017. A true and accurate copy of CaféX's demand letter is attached as Exhibit O attached to the Declaration of Daniel Solito filed contemporaneously herewith.

5. CaféX received an email response from Dana Brown Northcott, Associate General Counsel, IP at Amazon, on February 16, 2017, stating "Thank you for your letter. We will look into this, and get back to you." A true and accurate copy of that email is attached as Exhibit 1.

6. Despite CaféX's urgent demand and requested response date of February 21, as of 3:15 pm on March 1, 2017, no substantive response or other further communication from Amazon or AWS has been received.

7. At 3:15 pm on March 1, 2017, I called and left a voicemail for, and then sent a follow-up email to, Ms. Northcott, notifying her of CaféX's intention to file tomorrow morning for an order to show why a preliminary injunction should not issue. I further requested Ms. Northcott to call me (or have any outside counsel AWS may have retained) call me as soon as possible so that we could try to work out an expedited briefing schedule in connection with that order. A true and accurate copy of the email is attached as Exhibit 2.

8. At 4:39 pm, a lawyer named Justin Nelson with the law firm Susman Godfrey LLP called me, stating that he was returning my call to Ms. Northcott. He stated that his firm had not yet been retained by Defendant AWS, but that he would listen to what I had to say and convey it to AWS. I explained to Mr. Nelson the background of the case and that Plaintiff CaféX would be requesting from the Court tomorrow an order to show cause why a preliminary injunction should not issue against AWS. I further explained that the matter had urgency in part because of the upcoming 2017 Enterprise Connect trade show, beginning on March 27, 2017, at which both parties were expected to be promoting their services under the trademarks at issue. To enable the Court to hold a preliminary injunction hearing before the March 27 trade show, I proposed to Mr. Nelson the following briefing schedule:

opposition papers to be filed by noon on Monday, March 13, 2017;

reply papers to be filed by 9:00 a.m. on Friday, March 17, 2017;

with a hearing to take place subject to the Court's availability some time during the week of March 20, 2017.

{41041511;1}

3

I also told Mr. Nelson that I would email him a copy of the Order to show cause and the accompanying memorandum, declarations, and exhibits tomorrow (on March 2) after they were filed. Mr. Nelson said he would convey the information back to AWS and would get back to me.

9. If determined necessary by the Court at the hearing on the preliminary injunction, CaféX will post a bond as security in an amount that the Court determines to be proper to pay the costs and damages sustained by any party subsequently found to have been wrongfully enjoined or restrained.

10. No previous application for the relief sought herein has been made in this or any other Court.

**WHEREFORE**, it is respectfully requested that this Court accept Plaintiff's motion by Order to Show Cause and grant Plaintiff the relief sought therein.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: March 1, 2017.

*[signature]*
David Brafman