

Ira S. Sacks

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY 10103

D: 212 880 3827
T: 212 880 3800
F: 212 880 8965
C: 917 767 7147
ira.sacks@akerman.com

December 29, 2017

**VIA ECF**
The Honorable Kevin Nathaniel Fox
United States Magistrate Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *CafeX Communications, Inc. ("CaféX") v. Amazon Web Services, Inc. ("Amazon")*
SDNY Case No. 1:17-cv-01349-VM-KNF

Dear Judge Fox:

This replies to Amazon's letter of December 28, 2017.

CaféX has submitted for *in cam*era review "all documents that are the subject of Amazon's motion." Amazon's motion (Docket Entry ("DE") 83) sought that the Court:

1. Review *in camera* the documents provided by CaféX related to its CAFEX CHIME application for any evidence of fraud on the PTO and, upon a finding of a reasonable suspicion of fraud, order CaféX to produce such documents.

2. Order CaféX to produce a 30(b)(6) witness to offer full testimony on CaféX's trademark application process without any privilege objections, and/or re-produce Mr. Solito and Mr. MacGowan to offer testimony without privilege objection.

3. Review *in camera* the documents provided by CaféX related to its pre-application searches for any unprivileged factual information about CaféX's searches for entities products, or services using the word "Chime" and order CaféX to produce such documents and in addition, order a 30(b)(6) deposition to provide testimony concerning the names CaféX or its attorneys found in any search.

As set forth in my October 17, 2017 Declaration, ¶ 3 (DE 86), "[t]here are no documents withheld by Plaintiff on grounds of attorney client and/or work product privilege that relate to, reflect and/or comprise any trademark search conducted by or on behalf of Plaintiff." Thus, no documents were submitted *in camera* relating to ¶ 3 of Amazon's motion.

As to ¶ 1 of the motion, we submitted for in camera review ***all privileged documents related to CaféX's CAFEX CHIME application***. We did so by a document-by-document review of documents on the privilege log, and not by relying on the list of 135 documents identified by Amazon in the October 10, 2017 Issacharoff Declaration (DE 85) as determinative,

even in part, since those documents merely were identified as "suspicious" based on the privilege log only and also since the list contained plain errors on its face and based on a review of the documents themselves.

Thus, as pointed out in my October 17, 2017 Declaration, ¶ 6, the 135 documents highlighted by Amazon in Exhibits A and C to the October 10, 2017 Issacharoff Declaration (DE 85) was admitted to be merely "a nonexclusive list of the entries most likely to contain evidence giving rise to a reasonable suspicion of fraud." (Amazon Memorandum of Law in support of the Motion (DE 84), at 1 n.1). That list also contained errors on its face. Exhibit 1 to my October 17, 2017 Declaration replicated Amazon's highlighting of those 135 documents, except where the highlighted documents have already been produced by Plaintiff to Amazon. That improper highlighting occurred on numerous occasions for example, 9 of the first 10 highlighted documents have already been produced: CafeX00006945, CafeX00006951, CafeX00010381, CafeX00010383, CafeX00010386, CafeX00010388, CafeX00010391, CafeX00010394, CafeX00010397 (DE 85, page 8 of 35). Indeed, in response to a request by Amazon to remove privilege assertions, Plaintiff specifically pointed out to Amazon that those documents had been produced by email dated September 25, 2017. (October 17, 2017 Sacks Declaration, ¶ 6).

In further support of CaféX's proper review of the Amazon documents that were not submitted for *in camera* review, by way of example, the first document identified by Amazon, CafeX00006953, merely provides statistical information requested by counsel for the preliminary injunction hearing. Similarly, the second document identified by Amazon, CafeX00034952, merely discusses that one of the Amazon lawyers had signed up for the CaféX Chime service and suggests testimony at the preliminary injunction hearing regarding the Amazon-sponsored Box incubator program to which CaféX had submitted. Neither of those documents related to CaféX's CAFEX CHIME application.

As the above makes plain, Amazon has known the identity of the documents submitted for *in camera* review since October 17, including which of the 135 documents highlighted by Amazon were submitted, and sat mute. The highlighted document requested to be filed by Amazon at the twelfth hour duplicates the privilege log submitted to this Court and served on Amazon on October 17: both highlight the Amazon list in blue and both indicate the documents submitted for in camera review (one by a check mark in the last column and one by orange highlighting). No further filings are necessary.[1]

Respectfully,

*s/ Ira S Sacks*

Ira S. Sacks

cc: Counsel for Defendant (all enclosures previously served by email)

---

[1] It remains the fact that "[n]o documents submitted for an *in camera* review have been produced since the filing of Defendant's October 10, 2017 motion to compel." The 87 documents produced on October 12 and 16 were not submitted for *in camera* review. Moreover, those documents were not on the privilege log submitted at the same time as the documents submitted for *in camera* review.